MEMORANDUM **
Asraf Uz Zaman, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals’ (“BIA”) order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for abuse of discretion, Malty v. Ashcroft, 381 F.3d 942, 945 (9th Cir.2004), we deny in part and dismiss in part the petition for review.
*732 The BIA did not abuse its discretion in denying Zaman’s motion to reopen because the motion was filed more than two years after the BIA’s order dismissing the underlying appeal, see 8 C.F.R. § 1003.2(c)(2); see also Matter of Velarde-Pacheco, 23 I. & N. Dec. 253, 256 (BIA 2002) (motion to reopen based on pending 1-130 petition may be granted if, inter alia, the motion is timely filed), and Za-man failed to demonstrate changed circumstances in Bangladesh to qualify for the regulatory exception to the filing deadline, see 8 C.F.R. § 1003.2(e)(3)(ii); see also Malty, 381 F.3d at 945 (“The critical question is ... whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.”).
We lack jurisdiction to review Za-man’s contention that the filing deadline should have been tolled because he failed to raise that issue before the BIA and thereby failed to exhaust his administrative remedies. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004).
To the extent Zaman contends that the BIA should have invoked its sua sponte authority to reopen proceedings, we lack jurisdiction. See Ekimian v. INS, 303 F.3d 1153, 1159 (9th Cir.2002).
Zaman’s remaining contentions are unavailing.
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.